IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **SARA RUSSELL as ADMINISTRATOR OF THE ESTATE OF KATHLEEN RUSSELL**<br>5 East 22nd Street, Apt. 15 G<br>New York, NY  10010<br><br>             Plaintiff,<br><br>       v.<br><br>**JONATHAN CABIN, M.D.**<br>1525 Wilson Blvd.<br>Suite 125<br>Arlington, VA  22209<br><br><br>**NOVA SURGICARE, PC**<br>8201 Greensboro Drive<br>Suite 601<br>McLean, VA  22102<br><br>       <u>Serve upon Registered Agent</u>:<br>       Darra Hamrah, DMD<br>       8201 Greensboro Drive<br>       Suite 601<br>       McLean, VA 22102<br><br><br><br><br>             Defendants. | Civil Action No._____<br>JURY TRIAL DEMANDED |

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**
(Medical Malpractice)

Comes now the Plaintiff Sara Russell, as Administrator of the Estate of Kathleen Russell, by and through Catherine D. Bertram of Bertram & Murphy, and pursuant to the Rules of this Court moves for judgment against Defendants Jonathan Cabin, M.D. and NOVA SurgiCare, PC.

1. Plaintiff Sara Russell, daughter of decedent, qualified as the Ancillary Administrator of Kathleen Russell's Estate for purposes of prosecution of a civil action for personal injury and/or death by wrongful act lawsuit on June 22, 2023 in the Circuit Court of Fairfax, Virginia.

2. Plaintiff Sara Russell is a resident of New York and is the only daughter of the decedent.

3. Defendant Jonathan Cabin, M.D. is a resident of the Commonwealth of Virginia.

4. Defendant NOVA SurgiCare, PC is a business registered to conduct business and located in the Commonwealth of Virginia.

5. Defendant Jonathan Cabin, M.D. is a physician licensed to practice medicine in the Commonwealth of Virginia whose care of Kathleen Russell, the deceased plaintiff, took place at his office and at Defendant NOVA SurgiCare, PC's facility. Both facilities are located in Northern Virginia and the care at both facilities forms the basis for the claims stated herein.

6. Jurisdiction of the Court is proper under 28 U.S.C. § 1332 because the dispute is between citizens of different states (complete diversity of citizenship) and the amount in controversy exceeds $75,000.

7. Venue is proper under 28 U.S.C. § 1391 because the Alexandria Division is where the defendants provided care and where the acts or omissions giving rise to the claims herein occurred.

**Factual Background**

8. Plaintiff decedent Kathleen Russell contacted Defendant Dr. Cabin a in early 2022 inquiring about various cosmetic procedures.

9. Plaintiff decedent had an initial teleconsult with Defendant Dr. Cabin on or about February 26, 2022.

10. Defendant Dr. Cabin proposed performing several surgical procedures on Ms. Russell at the same time.

11. The procedures Dr. Cabin recommended, and Ms. Russell was charged for, included a face lift, CO2 laser resurfacing, a lower blepharoplasty and fat transfer.

12. Ms. Russell lived in North Carolina at the time.

13. Ms. Russell informed Dr. Cabin of her history of sleep apnea and her 2 prior complications after anesthesia.

14. Dr. Cabin selected Defendant NOVA SurgicCare, P.C. as the stand alone facility where the combined surgeries would be performed.

15. Ms. Russell was not given any options in terms of where her procedures would be performed.

16. Dr. Cabin reserved 7 hours for Ms. Russell's procedures.

17. The average surgical time for a face and neck lift is 2-4 hours.

18. The average surgical time for cardiac bypass surgery is 3-6 hours.

19. The average time for a kidney transplant is 3-6 hours.

20. Defendant NOVA SurgiCare PC is operated by Daria Hamrah, DMD, a doctor of dental medicine, not a medical doctor. Dr. Hamrah has training in dental anethesia but is not a board certified anethesiologist.

21. Defendants did not provide Ms. Russell with a detailed discussion of the risks and alternatives to undergoing general anesthesia for 7+ hours in this office based dental surgery center prior to the surgery.

22. Ms. Russell was asked to sign a consent form for general anesthesia before speaking with an anesthesia provider.

23. Ms. Russell was not offered safer alternatives for these procedures.

24. On or about November 8, 2022, Ms. Russell presented at Defendant NOVA SurgiCare, PC for her surgery with Defendant Dr. Cabin

25. Ms. Russell anethesia was initiated at approximately 8:30 a.m.

26. During the surgery, Dr. Cabin caused a medical complication that resulted in an internal hematoma in the right side of the patient's neck requiring Dr. Cabin to reopen the right sided facial incisions and to attempt to stop the bleeding.

27. Upon information and belief, the attempts to stop the bleeding in the right side of Ms. Russell's neck and face were extensive and resulted in the procedure extending several additional hours beyond the scheduled 7 hours.

28. Upon information and belief, Ms. Russell was under general anesthesia for over 13 hours.

29. With full knowledge of the complication that had developed and the extended length of the surgery, Defendant Dr. Cabin left the facility before Ms. Russell had met criteria for discharge. It was after 10:00 p.m. when he left the facility.

30. Defendant Dr. Cabin was the licensed surgeon who was supposed to be supervising the Nurse Anesthetist who was providing Ms. Russell's anesthesia care.

31. Upon information and belief, the only licensed providers who remained in charge of Ms. Russell when Dr. Cabin left were the nurse anesthetist and a trainee dental provider. No board-certified surgeon was present after Dr. Cabin left.

32. After Dr. Cabin left the surgery center, Ms. Russell began to make a gurgling noise and started flailing her arms.

33. Ms. Russell was conscious at this point and aware of her struggles to breathe.

34. Ms. Russell's heart rate slowed, and CPR was initiated.

35. Upon information and belief, Nurse Anesthesia Provider Tina Barberan called Defendant Dr. Cabin on his cell phone as he was driving home for help.

36. Upon information and belief, Defendant Dr. Cabin then called 911 and drove back to the facility.

37. Ms. Russell was then re-intubated and hooked up to monitors that automatically and continuously recorded her heart rhythm and other vital signs.

38. When Defendant Dr. Cabin and the first responders arrived, the medical office building was locked as it was after 10:00 p.m.

39. Defendants now claim the key data from the monitors operated by Defendants was "accidently disconnected and turned off" and that the vital data from this device was not secured due to "the power disconnect."

40. Ms. Russell had no pulse and no cardiac rhythm at 10:32 p.m. (22:32) according to the Defendants' retrospective narrative of the events.

41. No ACLS code record has been produced.

42. Ms. Russell was transported to Fairfax Hospital at 11:07 p.m. (23:07)

43. The ER doctor's notes at Fairfax Hospital state that "after the surgery, as the patient was recovering from sedation, patient was extubated and found to be in respiratory distress d/t (due to) an airway obstruction."

44. Ms. Russell's pupils were noted to be fixed and dilated at Fairfax Hospital.

45. Ms. Russell was pronounced dead at Fairfax Hospital on November 8, 2022, at approximately 11:26 p.m.

46. For unknown reasons, the medical examiner declined to perform an autopsy.

47. Ms. Russell's family hired an independent forensic pathologist licensed in the Commonwealth of Virginia to perform an autopsy.

48. The autopsy report notes a large-clotted hematoma (blood clot) measuring 3.2 cm x 2.7 cm x 2.0 cm was found that was "directly overlying the right carotid sinus."

49. The cause of Ms. Russell's death was determined to be compression of her carotid sinus due to the neck hematoma.

50. In other words, Ms. Russell died from uncontrolled bleeding caused by Dr. Cabin in the right side of her neck that was not properly repaired and was allowed to compress her right carotid artery and cause her death.

## COUNT I: MEDICAL MALPRACTICE

51. The Plaintiff incorporates all previous paragraphs as if fully stated here.

52. Defendants each owed a duty to exercise that degree of skill, judgment, and care expected of reasonably competent surgeons and surgery facilities, under the same or similar circumstances as those in this case.

53. Defendant Dr. Jonathan Cabin, breached the standard of care owed to Kathleen Russell by:

    a. Scheduling multiple complex surgical procedures to be performed at this outpatient dental center requiring general anesthesia for 7+ hours;

    b. Negligently performing the surgery and causing injuries to tissue in the right side of Ms. Russell's neck outside of the surgical site which then led to a large right sided hematoma and which caused her death;

    c. Failing to properly evacuate, eliminate and repair the right sided neck hematoma at the time of the surgery;

    d. Failing to detect the continued presence or re-emergence of the right sided neck hematoma and failing to resolve the surgical complication before the end of the surgery;

    e. Failing to adequately examine and assess Ms. Russell's right neck prior to leaving the facility;

    f. Failing to inform the surgical team and CRNA of the right neck hematoma; and

    g. Leaving the facility and abandoning the patient under the circumstances before she was safe for discharge.

54. Defendants NOVA SurgiCare, PC, breached the standard of care owed to Plaintiff Kathleen Russell. Their negligent acts and omissions include:

    a. Allowing Dr. Cabin to schedule multiple complex procedures to be performed on Ms. Russell at this outpatient dental surgery center, given the limited staff and equipment available and knowing Dr. Cabin was planning a procedure that required general anesthesia for 7+ hours;

    b. Allowing Dr. Cabin, the attending surgeon, to leave the facility before this patient met criteria for discharge resulting in an unsupervised Nurse Anesthesia provider to be the only licensed medical provider for Ms. Russell when the emergency complication occurred.

55. Ms. Russell died as a direct and proximate result of Defendants' joint and individual negligence.

56. As a direct and proximate result of the breaches in the standard of care by Defendants Dr. Cabin and NOVA Surgicare PC, jointly and severally, Kathleen Russell experienced conscious pain and suffering and died on November 8, 2022.

57. Kathleen Russell is survived by her daughter Sara Russell.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in the amount of $5,000,000 (five million dollars) to be determined by the evidence, applicable law, in all sums permissible in Virginia, to include pre- and post-judgment interest and costs, in all sums permissible in Virginia.

## COUNT II: SURVIVAL

58. Plaintiff incorporates all previous paragraphs as if fully stated here.

59. Defendants each owed a duty to exercise that degree of skill, judgment, and care expected of reasonably competent practitioners, agents, employees, apparent agents, and health care entities practicing under the same or similar circumstances as those involving Ms. Russell.

60. Defendant Dr. Jonathan Cabin, breached the standard of care owed to Kathleen Russell by:

a. Scheduling multiple complex surgical procedures to be performed at this outpatient dental center requiring general anesthesia for 7+ hours;

b. Negligently performing the surgery and causing injuries to tissue in the right side of Ms. Russell's neck outside of the surgical site which then led to a large right sided hematoma and which caused her death;

c. Failing to properly evacuate, eliminate and repair the right sided neck hematoma at the time of the surgery;

d. Failing to detect the continued presence or re-emergence of the right sided neck hematoma and failing to resolve the surgical complication before the end of the surgery;

e. Failing to adequately examine and assess Ms. Russell's right neck prior to leaving the facility;

f. Failing to inform the surgical team and CRNA of the right neck hematoma; and

g. Leaving the facility and abandoning the patient under the circumstances before she was safe for discharge.

61. Defendants NOVA SurgiCare, PC, breached the standard of care owed to Plaintiff Kathleen Russell. Their negligent acts and omissions include:

a. Allowing Dr. Cabin to schedule multiple complex procedures to be performed on Ms. Russell at this outpatient dental surgery center, given the limited staff and equipment available and knowing Dr. Cabin was planning a procedure that required general anesthesia for 7+ hours;

b. Allowing Dr. Cabin, the attending surgeon, to leave the facility before this patient met criteria for discharge resulting in an unsupervised Nurse Anesthesia provider

9

to be the only licensed medical provider for Ms. Russell when the emergency complication occurred.

62. Ms. Russell died as a direct and proximate result of Defendants' joint and individual negligence.

63. Ms. Russell suffered conscious pain, injuries, mental anguish, and distress as well as death as a direct and proximate result of Defendants' joint and several negligence.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in the amount of $5,000,000 (five million dollars) to be determined by the evidence, applicable law, in all sums permissible in Virginia, to include pre- and post-judgment interest and costs, in all sums permissible in Virginia.

## COUNT III – WRONGFUL DEATH

64. Plaintiff incorporates all previous paragraphs as if fully stated here.

65. Defendant, by themselves and through their agents, servants, employees and/or representatives represented to Ms. Russell, and to the general public, that they possessed the degree of knowledge, ability, and skill possessed by reasonably competent healthcare providers practicing under the same or similar circumstances as those involving Ms. Russell.

66. Defendant owed a duty to exercise that degree of skill, judgment, and care expected of reasonably competent practitioners, through its staff physicians, agents, employees, apparent agents, practicing under the same or similar circumstances as those involving Ms. Russell.

67. Defendant Dr. Jonathan Cabin, breached the standard of care owed to Kathleen Russell by:

   a. Scheduling multiple complex surgical procedures to be performed at this outpatient dental center requiring general anesthesia for 7+ hours;

10

    b. Negligently performing the surgery and causing injuries to tissue in the right side of Ms. Russell's neck outside of the surgical site which then led to a large right sided hematoma and which caused her death;

    c. Failing to properly evacuate, eliminate and repair the right sided neck hematoma at the time of the surgery;

    d. Failing to detect the continued presence or re-emergence of the right sided neck hematoma and failing to resolve the surgical complication before the end of the surgery;

    e. Failing to adequately examine and assess Ms. Russell's right neck prior to leaving the facility;

    f. Failing to inform the surgical team and CRNA of the right neck hematoma; and

    g. Leaving the facility and abandoning the patient under the circumstances before she was safe for discharge.

68. Defendants NOVA SurgiCare, PC, breached the standard of care owed to Plaintiff Kathleen Russell. Their negligent acts and omissions include:

    a. Scheduling multiple complex procedures to be performed at this outpatient dental surgery center requiring general anesthesia for 7+ hours;

    b. Allowing the attending surgeon to leave the facility before this patient met criteria for discharge resulting in an unsupervised Nurse Anesthesia provider being left in charge by herself when this complication occurred.

69. Ms. Russell died as a direct and proximate result of Defendants' joint and individual negligence.

70. Sara Russell, as Ancillary Administrator for the Estate of Kathleen Russell, has incurred expenses relating to the death and funeral of Kathleen Russell as a direct and proximate result of Defendants' joint and individual negligence.

71. As a direct and proximate result of Defendants' negligence, by and through their agents and employees, Sara Russell and any other beneficiaries have suffered sorrow and mental anguish, including loss of society, companionship, comfort, guidance, kindly offices, and advice of Kathleen Russell, and reasonably expected lost services, protection, care, and assistance provided by Kathleen Russell, as well expenses related to her last hospitalization, funeral, and autopsy.  Plaintiff seeks an award of all compensation and any and all other damages available pursuant to Code of Virginia § 8.01-52 or otherwise recoverable under Virginia law.

WHEREFORE, Plaintiff requests judgment jointly and severally against Defendants in the amount of $5,000,000 (five million dollars) to be determined by the evidence, applicable law, to include pre- and post-judgment interest and costs, and all sums permissible in the Commonwealth of Virginia.

## JURY TRIAL DEMAND

A jury trial is hereby demanded by the Plaintiff.

Respectfully submitted,

BERTRAM & MURPHY

*/s/ Catherine D. Bertram*
Catherine D. Bertram, VSB No. 96042
katie@blg-dc.com
20 F Street, NW, 7th Floor
Washington, DC 20001
Tel: 202-494-1924 (direct dial)
Tel: 202-803-5800 (main)
Fax: 202-803-6814
*Counsel for Plaintiff*